UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Saul Alberto Montoya-Salazar (1),<br><br>Defendant. | Case No. 23-cr-88 (NEB/DJF)<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

This matter is before the Court on Defendant Saul Alberto Montoya-Salazar's Motion to Dismiss Indictment With Prejudice (ECF No. 41) and the Government's Motion to Dismiss Without Prejudice (ECF No. 47).[1] Finding no hearing necessary, the Court recommends the Government's motion be granted and Mr. Montoya-Salazar's motion be denied.[2]

## BACKGROUND

On March 9, 2023, Mr. Montoya-Salazar was indicted and charged on one count of conspiracy to distribute methamphetamine and one count of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) ("Indictment") (ECF No. 1). Mr. Montoya-Salazar made his initial appearance on March 14, 2023. (ECF No. 10.) After his detention hearing on March 17, 2023, the court released Mr. Montoya-Salazar on conditions, but he was detained on an immigration hold without objection by the Government. (ECF Nos. 19, 24-25; *see also* ECF

---

[1] The undersigned United States Magistrate Judge considers this matter pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1.

[2] As set forth below, there are no material facts in dispute. Accordingly, an evidentiary hearing is unnecessary. *United States v. Pacheco-Poo*, 952 F.3d 950, 954 (8th Cir. 2020).

No. 42 at 2; ECF No. 48 at 1.) Immigration and Customs Enforcement ("ICE") detained Mr. Montoya-Salazar based on a December 2017 United States Immigration Court order for his immediate removal (ECF No. 48-1) and removed him on March 23, 2023 (ECF No. 48-2). The removal notice states that Mr. Montoya-Salazar is prohibited from re-entering the United States for a period of 20 years from the date of his departure. (ECF No. 42-1.)

Mr. Montoya-Salazar moved to dismiss the Indictment with prejudice on April 17, 2023. (ECF No. 41.) He claims his deportation while this case was pending violated his Fifth Amendment right to due process, his Sixth Amendment rights to counsel and a speedy and public trial, and his rights under the Speedy Trial Act. (*See generally* ECF No. 42.) Mr. Montoya-Salazar asks the Court to exercise its supervisory power to dismiss his Indictment with prejudice because of ICE's alleged repeated violations of similarly-situated defendants' rights. (*Id.*)

The Government objects to dismissing Mr. Montoya-Salazar's Indictment *with prejudice* on grounds that neither his statutory nor constitutional rights have been violated. (*See generally* ECF No. 48.) But on April 24, 2023, in light of Mr. Montoya-Salazar's deportation, the Government filed its own motion to dismiss the Indictment *without prejudice* pursuant to Federal Rule of Criminal Procedure 48(a). (ECF No. 47.)

## DISCUSSION

**I.     Legal Standard**

    **A.     The Court's Supervisory Power**

The Court may exercise its supervisory power to: (1) implement a remedy for violation of recognized rights; (2) preserve judicial integrity; or (2) deter illegal or improper conduct. *United States v. Hasting,* 461 U.S. 499, 505 (1983). "Dismissal of an indictment under a district court's supervisory power is 'a drastic remedy' requiring a showing that the government engaged in 'a

2

systematic and persistent abuse of power.'" (*United States v. Adams*, Crim. No. 17-64 (DWF/KMM), 2018 WL 6991106, at *27 (D. Minn. Sept. 17, 2018) (quoting *United States v. Solomon*, 679 F.2d 1246, 1253 n. 12). Any such dismissal also requires a showing of prejudice. *Solomon*, 679 F.2d at 1253 n.12.

### B. Federal Rule of Criminal Procedure 48(a)

Under Fed. R. Crim. P. 48(a), the government "may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). "Courts can exercise their discretion to withhold leave in only the rarest of cases." *United States v. Bernard*, 42 F.4th 905, 909 (8th Cir. 2022) (internal quotation marks and citation omitted). There are just two circumstances in which the district court may deny leave to dismiss an indictment: (1) when the defendant objects to the dismissal; and (2) when the dismissal is "clearly contrary to the manifest public interest." *United States v. Jacobs*, 241 F.3d 1009, 1012 (8th Cir. 2001). For a dismissal to be "clearly contrary to manifest public interest," the prosecutor must have had an illegitimate motive rising to the level of bad faith. *Bernard*, 42 F.4th at 909 (8th Cir. 2022).

### II. Mr. Montoya-Salazar's Motion to Dismiss

Mr. Montoya-Salazar alleges that because ICE deported him while this criminal matter was pending, it deprived him of his rights under the Speedy Trial Act, denied his Sixth Amendment rights to counsel and to a speedy and public trial, and denied his Fifth Amendment right to due process by foreclosing any possibility of a fair trial. (*See generally* ECF No. 42.) He argues, "the Executive Branch was entirely capable of deferring removal proceedings until after the criminal prosecution ended, but chose not to do so … and as a result deprived [Mr. Montoya-Salazar] of his rights under the Fifth and Sixth Amendments and the Speedy Trial Act." (*Id.* at 7.) To this end, Mr. Montoya-Salazar relies on out-of-district case law to suggest there is a conflict between

the Bail Reform Act ("BRA") and the Immigration and Nationality Act ("INA") which requires the Court to dismiss his Indictment.  (*Id.* at 5-6, citing *United States v. Resendiz-Guevara*, 145 F.Supp.3d 1128 (M.D. Fla. 2015); *United States v. Trujillo-Alvarez*, 900 F.Supp.2d 1167 (D. Or. 2012).)  Mr. Montoya-Salazar argues, "[t]he appropriate and just remedy" for these alleged violations "is for the Court to exercise its supervisory powers and dismiss the Indictment and to do so with prejudice because of ICE's repeated violations of similarly-situated defendant's rights under these circumstances." (*Id.* at 7.)

The Court notes that Mr. Montoya-Salazar filed his motion before the Government voluntarily moved to dismiss the Indictment.  Since the Government now agrees to a dismissal, and as discussed below the Court recommends the Government's motion be granted, the Court need not decide whether Mr. Montoya-Salazar's rights would be violated if the case were allowed to proceed in his involuntary absence.  Rather, the Court's review is limited to whether Mr. Montoya-Salazar's trial rights were violated in light of the Government's motion for voluntary dismissal, and whether the alleged violation of his rights or those of similarly-situated defendants warrants dismissal with prejudice.

      A.      **The Speedy Trial Act, 18 U.S.C.A. § 3161(c)(1).**

The Speedy Trial Act requires that a federal criminal defendant be brought to trial within 70 days of the filing of the indictment or of arraignment, whichever is later." *United States v. Koory*, 20 F.3d 844, 846 (8th Cir. 1994) (citing *United States v. Kramer*, 827 F.2d 1174, 1176 (8th Cir. 19987); 18 U.S.C. § 3162(a)(2)).  If a violation occurs, dismissal is mandatory, but the district court retains authority to dismiss with or without prejudice. *Id.*

The statutory speedy trial clock began to run in this case on March 17, 2023 when Mr. Montoya-Salazar was arraigned.  (ECF No. 18.)  The Court initially scheduled his trial to begin 68

4

days later, on May 22, 2023. (ECF No. 22 ¶ 15.) On April 10, 2023, upon Mr. Montoya-Salazar's motion for additional time to file pretrial motions (ECF No. 39), the Court granted 10 days of excludable time which pushed his trial date into early June 2023 (ECF No. 38). Notwithstanding, ICE deported Mr. Montoya-Salazar and the Government filed its motion to dismiss his Indictment before seventy days after his arraignment elapsed. Under these facts, Mr. Montoya-Salazar's rights under the Speedy Trial Act have not been violated.

### B. Sixth Amendment

The Sixth Amendment provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial … and to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. "The Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial." *Strickland v. Washington*, 466 U.S. 668, 684 (1984). "The Sixth Amendment right to a speedy trial attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." *United States v. Erenas-Luna*, 560 F.3d 772, 776 (8th Cir. 2009). When a delay has occurred, the Court analyzes four factors outlined in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), to determine whether a defendant has been deprived of his due process right to a speedy trial. *Id.* These factors include: (1) the length of the delay; (2) the reason for the delay; (3) when the defendant asserted the right to a speedy trial; and (4) whether the defendant suffered any prejudice. *Id.* "It would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not." *United States v. Jeanetta*, 533 F.3d 651, 656, (8th Cir. 2008), c*ert denied*, 129 S.Ct. 747, 172 (2008).

Here, the Court need not conduct a *Barker* analysis because there has not in fact been any delay to Mr. Montoya-Salazar's trial. Mr. Montoya-Salazar was indicted on March 9, 2023. (ECF No. 1.) The Government filed its motion to dismiss the Indictment on April 24, 2023 (ECF

No. 47), foreclosing any need for a trial and preventing any Sixth Amendment violations from occurring.

To the extent Mr. Montoya-Salazar argues there is a conflict between the Bail Reform Act ("BRA") and the Immigration and Nationality Act ("INA") that obligates the Court to dismiss his Indictment based on one or more of his alleged constitutional or statutory violations, the Eighth Circuit has explicitly rejected this argument. *See Pacheco-Poo*, 952 F.3d at 952-954 (rejecting defendant's argument that the BRA conflicts with the INA or that the government must choose between removal and prosecution and noting the BRA and the INA serve different purposes).

**C.  Fifth Amendment**

The Fifth Amendment bars the federal government from depriving a person of "liberty … without due process of law." U.S. Const. Amend. V. "Due process guarantees that a criminal defendant will be treated with that fundamental fairness essential to the very concept of justice." *United States v. Valenzuela–Bernal,* 458 U.S. 858, 872 (1982) (internal quotation marks and citation omitted). To declare a denial of due process, a court "must find that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevents a fair trial." *Id.*

Mr. Montoya-Salazar argues his deportation foreclosed any possibility of a fair trial. (ECF No. 42 at 3-4.) While the Court agrees potential future violations of his trial rights might have occurred had he been forced to prepare for his trial *in absentia*, he does not explain how his deportation actually violated his right to due process based on the timely proceedings that have transpired to date. "Issues not meaningfully argued are waived." *Pacheco-Poo*, 952 F.3d at 954.

Because Mr. Montoya-Salazar has failed to show *any* constitutional or statutory violation, much less a "systematic and persistent abuse of power" required for the Court to exercise its

6

supervisory power, the "drastic remedy" he seeks is not warranted. *Adams*, WL 6991106, at *27. Furthermore, Mr. Montoya-Salazar proffers no authority for the proposition that dismissal should be with prejudice. Indeed, he acknowledges one of his primary case examples, *United States v. Resendiz-Guevara*, 145 F. Supp.3d 1128 (M.D. Fla. 2015), resulted in dismissal without prejudice. (ECF No. 42 at 5.) Accordingly, the Court recommends his Motion to Dismiss Indictment With Prejudice (ECF No. 41) be denied.

### III. The Government's Motion to Dismiss

Given Mr. Montoya-Salazar's deportation, the Government moves to dismiss his Indictment without prejudice pursuant to Fed. R. Crim. P. 48 (a). (ECF No. 47.) Mr. Montoya-Salazar did not object to the dismissal; rather, he too argued that his Indictment should be dismissed. Further, dismissal is not contrary to the manifest common interest since it is clearly based on Mr. Montoya-Salazar's deportation. *Jacobs*, 241 F.3d at 1012. Accordingly, the Court recommends that the Government's Motion to Dismiss Without Prejudice (ECF No. 47) be granted.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMEND THAT**:

1. Mr. Montoya-Salazar's Motion to Dismiss Indictment With Prejudice (ECF No. [41]) be **DENIED**;

2. The Government's Motion to Dismiss Without Prejudice (ECF No. [47]) be **GRANTED**; and

3. The Indictment, as to Mr. Montoya-Salazar (1) only, (ECF No. [1]) be **DISMISSED WITHOUT PREJUDICE**.

Dated:  May 31, 2023

*s/ Dulce J. Foster*
DULCE J. FOSTER
U.S. Magistrate Judge

**NOTICE**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).