UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 23-CR-88(1) (NEB/DJF) |
| Plaintiff, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| SAUL ALBERTO MONTOYA-SALAZAR, | |
| Defendant. | |

This matter is before the Court on Defendant Saul Alberto Montoya-Salazar's objection to the May 31, 2023 Report and Recommendation ("R&R") of United States Magistrate Judge Dulce J. Foster. The parties agree that Montoya-Salazar's indictment should be dismissed; they disagree whether the dismissal should be with prejudice. The R&R recommends no prejudice because the government has not violated Montoya-Salazar's statutory or constitutional rights. Montoya-Salazar objects. After a *de novo* review, the Court overrules the objection and accepts the R&R.

## BACKGROUND

The R&R details the facts and procedural history of this case, (ECF No. 56 ("R&R") at 1–2), which are undisputed. The Court incorporates the R&R's summary and repeats

only the facts necessary for context.[1] The timeline of Montoya-Salazar's prosecution is important because he argues that the Speedy Trial Act was violated.

Montoya-Salazar was charged on March 9, 2023 with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. Sections 841(a)(1), 841(b)(1)(C), and 846, as well as distribution of methamphetamine, in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C). (R&R at 1.) He made his initial appearance on March 14. (*Id.*) Three days later, on March 17, Montoya-Salazar was arraigned, and a magistrate judge held a detention hearing. (*Id.*) The judge released Montoya-Salazar on bond with conditions. (*Id.*) Immigration and Customs Enforcement ("ICE") subsequently detained Montoya-Salazar based on an order for removal issued in December 2017. (*Id.*) On March 21, the government moved for discovery. (ECF No. 31.) Two days later, Montoya-Salazar was deported. (R&R at 2.) He is prohibited from reentering the United States for 20 years. (*Id.*)

Montoya-Salazar moved to dismiss the indictment on April 17, arguing that his removal while this case is pending violated the Speedy Trial Act and his rights under the Fifth and Sixth Amendments (*Id.*) He asks the Court to use its supervisory powers to dismiss with prejudice based on ICE's alleged repeated violations of similarly situated defendants' rights. (*Id.*) The government maintains that Montoya-Salazar's statutory and constitutional rights have not been violated. (*Id.*) Given Montoya-Salazar's removal, however, it moved on April 24 to dismiss the indictment without prejudice under Rule

---

[1] The Court cites the R&R and incorporates the citations it contains.

48(a) of the Federal Rules of Criminal Procedure. (*Id.*; see also ECF No. 47) The R&R concludes that Montoya-Salazar's rights were not violated, and it recommends granting the government's motion to dismiss without prejudice. (*Id.* at 7.) Montoya-Salazar objects. (ECF No. 57 ("Obj.").)

## ANALYSIS

The Court reviews the portions of the R&R to which Montoya-Salazar objects *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); D. Minn. LR 72.2(b)(3). Montoya-Salazar argues that R&R wrongly concluded that his rights were not violated, and he insists that the Court must use its supervisory powers to dismiss the indictment with prejudice. (Obj. at 2–3.) In the exercise of supervisory powers, federal courts may formulate procedural rules not specifically required by the Constitution or Congress to implement a remedy for a violation of recognized rights, preserve judicial integrity, or to deter illegal conduct. *United States v. Hasting*, 461 U.S. 499, 505 (1983). Dismissal of an indictment using the Court's inherent authority is a "drastic remedy" reserved for correcting "systematic and persistent abuse[s] of power." *United States v. Solomon*, 679 F.2d 1246, 1253 n.12 (8th Cir. 1982). The Court addresses Montoya-Salazar's alleged violations of the Speedy Trial Act, Sixth Amendment, and Fifth Amendment in turn.

### I. Speedy Trial Act

The Speedy Trial Act requires a defendant be brought to trial "within 70 days of his indictment or first appearance, whichever is later." *United States v. Suarez-Perez*, 484

F.3d 537, 540 (8th Cir. 2007); *see also* 18 US.C. § 3161(c)(1). Certain exceptions warrant a delay, including "delay resulting from any pretrial motion." 18 U.S.C. § 3161(h)(1)(D). When there is a violation of the Act's time limits, dismissal of the indictment is mandatory on motion by the defendant. *Id.* § 3162(a)(2).

The Court agrees with the R&R that there was no violation of the Speedy Trial Act. Montoya-Salazar made his initial appearance on March 14, at which point the speedy-trial clock began to run. (*See* ECF Nos. 1, 10.) It stopped when the government filed its first pretrial motion on March 21. (*See* ECF No. 31.) And it has remained stopped while the parties moved to dismiss the indictment. (*See* ECF Nos. 41, 47.) Accordingly, to date, only seven unexcluded days have counted against the speedy-trial clock.[2]

Each of Montoya-Salazar's arguments in support of a speedy-trial violation falls short. First, without citing caselaw, Montoya-Salazar insists that the parties' pretrial

---

[2] The R&R concludes that four days have counted toward the speedy-trial clock, beginning its calculation with Montoya-Salazar's arraignment on March 17. (R&R at 4 (citing *United States v. Koory*, 20 F.3d 844, 846 (8th Cir. 1994).) In *Koory*, the Eighth Circuit stated that defendants must "be brough to trial within 70 days of the filing of the indictment or of arraignment, whichever is later." 20 F.3d at 846 (citing § 3161(c)(1)). But that assumes the defendant's initial appearance and arraignment happened on the same day. *See* § 3161(c)(1) ("an offense shall commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending"); *United States v. Parker*, 508 F.3d 434, 439 (7th Cir. 2007) (explaining that when a defendant is indicted and then appears before a judicial officer prior to his arraignment, the speedy-trial clock is triggered at the initial appearance). Indeed, at other times, the Eighth Circuit has specified that the clock begins at the later of a defendant's "indictment or first appearance." *Suarez-Perez*, 484 F.3d at 540.

4

motions have not tolled the speedy-trial clock because the government "is the sole cause of Montoya-Salazar's unavailability and has deemed him inadmissible for the next twenty years." (Obj. at 4.) That misstates the law. *See* § 3161(h)(1)(D). Second, Montoya-Salazar contends that the clock will run out after the Court rules on the parties' motions to dismiss. (*See* Obj. at 4–5.) That misstates the law as well. After a dismissal without prejudice, the clock will be tolled so long as no indictment is pending, and it will begin again only if the government files a second indictment. *See* § 3161(h)(5). There has been no violation of the Speedy Trial Act.

## II.   Sixth Amendment

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI. "The Sixth Amendment right to a speedy trial attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." *United States v. Erenas-Luna*, 560 F.3d 772, 776 (8th Cir. 2009) (quotation marks and citation omitted). In the event of a delay, courts analyze the factors outlined in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), to determine whether a defendant has been deprived of his Sixth Amendment right to a speedy trial.[3] "It would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not." *United States v. Jeanetta*, 533 F.3d 651, 656 (8th Cir. 2008).

---

[3] The factors include the length of delay, the reason for delay, whether the defendant asserted the right to a speedy trial, and whether the defendant suffered any prejudice. *Barker*, 407 U.S. at 530.

As the R&R reasons, there has been no delay in bringing Montoya-Salazar to trial, and so an analysis of the *Barker* factors is unnecessary. *See id.* Montoya-Salazar was indicted on March 9, and the government moved to dismiss the indictment on April 24, less than two months after its filing.

Montoya-Salazar insists that the delay in his trial will be at least 20 years because of the removal notice on his deportation. But he ignores the parties' motions to dismiss, which moots the Sixth Amendment speedy-trial issue. Montoya-Salazar also relies heavily on a case from the District of Idaho that is distinguishable. In *United States v. Ferreira-Chavez*, the court dismissed an indictment with prejudice because of a seven-month delay in the proceedings due to the defendant's removal. *See* No. 1:20-cr-00145, 2021 WL 602822, at *2–3 (D. Idaho Feb. 12, 2021). The court recognized that a seven-month delay was not particularly long, but it stressed that there had been no movement towards bringing the defendant's case to trial. *Id.* at 3. By contrast, here, the government moved to dismiss Montoya-Salazar's indictment after two months, eliminating the need for a trial altogether. Montoya-Salazar's Sixth Amendment rights have therefore not been violated.

### III.   Fifth Amendment

The Due Process Clause of the Fifth Amendment "guarantees that a criminal defendant will be treated with that fundamental fairness essential to the very concept of justice." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 872 (1982) (quotation marks and

6

citation omitted). In his motion to dismiss, Montoya-Salazar argued that his due-process rights were violated because his "deportation has foreclosed any possibility of a fair trial." (ECF No. 42 at 4.) He did not argue that his deportation affected his rights in his proceedings to date. The R&R reasons that there may have been a Fifth Amendment violation had Montoya-Salazar been forced to prepare for his trial *in absentia*. (R&R at 6.) But as for any harm in the timely proceedings thus far, it concludes that Montoya-Salazar forfeited this issue by failing to argue it. (R&R at 6.)

In his objection, Montoya-Salazar does not address the forfeiture issue. Instead, he makes a conclusory statement that any proceeding in which he cannot participate is unfair. (Obj. at 9.) He does not grapple with the government's motion to dismiss and the elimination of the need for a trial. (*See id.*) Montoya-Salazar also contends that the "stain on his name and character cannot be removed simply by a dismissal without prejudice," (*id.*), an argument untethered to the Fifth Amendment. The Court agrees with the R&R that Montoya-Salazar did not meaningfully argue that his Fifth Amendment rights have been violated thus far, and "issues not meaningfully argued are waived." *United States v. Pacheco-Poo*, 952 F.3d 950, 954 (8th Cir. 2020).

All told, given that Montoya-Salazar has not established that any of his statutory or constitutional rights were violated, the "drastic remedy" of dismissal with prejudice is not warranted. *See Solomon*, 679 F.2d at n.12. The Court overrules Montoya-Salazar's objection, accepts the R&R, and dismisses the indictment without prejudice.

7

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation (ECF No. 56) is ACCEPTED AS MODIFIED;

2. Montoya-Salazar's Objection (ECF No. 57) is OVERRULED;

3. Montoya-Salazar's Motion to Dismiss the Indictment with Prejudice (ECF No. 41) is DENIED;

4. The Government's Motion to Dismiss the Indictment without Prejudice (ECF No. 47) is GRANTED; and

5. The Indictment (ECF No. 1), as to Montoya-Salazar only, is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: July 11, 2023                                  BY THE COURT:

                                                      s/Nancy E. Brasel
                                                      Nancy E. Brasel
                                                      United States District Judge